[Crim. No. 20667. First Dist., Div. Four. Aug. 4, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE REA ROACH, Defendant and Appellant.

COUNSEL

James C. Hooley, and James R. Jenner, Public Defenders, and Jay B. Gaskill, Assistant Public Defender, for Defendant and Appellant.

D. Lowell Jensen, District Attorney, and Ralph Countryman, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

KRONINGER, J.*—Lawrence Rea Roach appeals from a judgment rendered by the municipal court after a jury found him guilty of driving a motor vehicle under the combined influence of alcohol and drugs. (Veh. Code, § 23102.) The cause is before us on certification after appeal to the appellate department of the superior court. (Code Civ. Proc., § 911.)

---

*Assigned by the Chairperson of the Judicial Council.

A highway patrol officer stopped appellant after seeing his car weaving on the highway. The officer saw "track marks," characteristic of narcotics users, on appellant's forearms. After administering a field sobriety test which appellant performed poorly, the officer told appellant a chemical test was required. Appellant submitted to a breath test, which indicated a blood alcohol level of .08 percent. The officer then asked appellant to supply a urine sample, by reason of "the drug symptomology which [he] exhibited," telling him that the purpose of the test was to detect the presence or absence of drugs in his system. Appellant refused.

The municipal court denied a pretrial motion to preclude use, as evidence of consciousness of guilt, of testimony by the officer that appellant had refused to provide a urine specimen after the officer told him the purpose of a urine test. The sole question certified for review is whether this ruling by the municipal court was correct.

■ It would be reasonable for a trier of fact to infer that appellant feared the authorities would obtain evidence that he was under the influence of an opiate had he agreed to provide the sample, and evidence of refusal to submit to such a test is ordinarily admissible. (*People v. Ellis* (1966) 65 Cal.2d 529, 537-538 [55 Cal.Rptr. 385, 421 P.2d 393]; *People v. Sudduth* (1966) 65 Cal.2d 543, 547 [55 Cal.Rptr. 393, 421 P.2d 401]; *People v. Perry* (1969) 271 Cal.App.2d 84, 106 [76 Cal. Rptr. 725].) He asserts, however, that evidence of his refusal was inadmissible here because he was exercising a statutory right to submit to a single test, as provided by Vehicle Code section 13353.

Appellant was arrested for driving under the combined influence of alcohol and drugs, and he cites no authority for the proposition that one so charged is entitled to choose among chemical tests. By its terms, the implied consent law applies only to one "lawfully arrested for any offense allegedly committed while the person was driving a motor vehicle under the influence of intoxicating liquor." (Veh. Code, § 13353.) He refers us to neither the letter nor spirit of any statute precluding the request for a second sample from a person charged as he was, or the admission of evidence of refusal to supply a second sample as tending to show consciousness of guilt. (See *People v. Brannon* (1973) 32 Cal. App.3d 971, 975-976 [108 Cal.Rptr. 620]; compare, *People v. Zavala* (1966) 239 Cal.App.2d 732, 741 [49 Cal.Rptr. 129].)

Appellant contends that, if he didn't have the right to refuse, the police officer misled him, causing him to believe that he had such a right. This argument pertains only to the weight to be attributed to the evidence of that refusal, not its admissibility, and is properly addressed to the trier of fact.

The court did not err when it admitted the evidence and gave the consciousness of guilt instruction.

The judgment is affirmed.

Caldecott, P. J., and Christian, J., concurred.

A petition for a rehearing was denied August 28, 1980, and appellant's petition for a hearing by the Supreme Court was denied October 1, 1980.