[Civ. No. 6678. Fifth Dist. Oct. 28, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE VISALIA JUDICIAL DISTRICT
OF TULARE COUNTY, Defendant and Respondent;
DAVID EUGENE GONZALES, Real Party in Interest and Appellant.

**COUNSEL**

Wilson & Altschule and Joseph Altschule for Real Party in Interest and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Maureen

A. Daly and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

**OPINION**

**QUALL, J.\***—On February 17, 1981, appellant David Eugene Gonzales was arrested for suspected violation of Vehicle Code section 23102, subdivision (a), driving an automobile while under the influence of intoxicating liquor. Pursuant to his arrest, and in accordance with Vehicle Code section 13353, the arresting officer asked appellant to submit to a chemical test for the purpose of determining his blood alcohol content. The officer did not, however, as required by a recent amendment to section 13353, advise appellant that in the event of refusal to submit to a chemical test, such refusal could be used as evidence against him in a court of law. Appellant refused to submit to the test. A complaint charging violation of Vehicle Code section 23102, subdivision (a), was filed in the Tulare County Municipal Court.

Based on the fact he was not advised that in the event of his refusal to submit to the test the refusal may be used against him in a court of law, appellant made a motion to have the evidence of his refusal excluded from trial.

The Tulare County Municipal Court granted appellant's motion to exclude evidence of his refusal to submit to the blood alcohol test. The People then filed a petition for writ of mandate and/or prohibition in the Tulare County Superior Court seeking review of the exclusion order issued by the Tulare County Municipal Court. The Tulare County Superior Court granted the People's petition and ordered the Tulare County Municipal Court to vacate its exclusion order; appellant filed a timely notice of appeal.

 Appellant contends the municipal court properly excluded evidence of his refusal to submit to the test. Appellant argues that admission into evidence of the refusal without a warning that such refusal may be used against him in a court of law violates his privilege against self-incrimination. Appellant further argues that the Legislature, in passing the recent amendment to Vehicle Code section 13353, intended exclusion of evidence of the refusal to be the consequence for an officer's failure to warn an arrestee that the refusal may be used against him in a court of law.

---

*Assigned by the Chairperson of the Judicial Council.

For the reasons stated below, we find that noncompliance with the statute goes to the weight of the evidence. Evidence of appellant's refusal need not be excluded.

The privilege against self-incrimination is limited to the involuntary giving of testimonial and communicative evidence and does not extend to real or physical evidence extracted under compulsion. (*Gilbert* v. *California* (1967) 388 U.S. 263, 266 [18 L.Ed.2d 1178, 1182, 87 S.Ct. 1951]; *Schmerber* v. *California* (1966) 384 U.S. 757, 761 [16 L.Ed.2d 908, 914, 86 S.Ct. 1826].) Consequently, the admission into evidence of the results of a blood alcohol test, physical evidence of intoxication, does not violate the privilege against self-incrimination. (*Schmerber, supra.*)

Nor does admission into evidence of appellant's refusal to submit to the test violate his privilege against self-incrimination. A refusal to submit to a blood alcohol test, like a refusal to provide any other physical evidence, is not testimonial and communicative, but circumstantial evidence of the arrestee's consciousness of guilt from which inferences may be drawn (*People* v. *Ellis* (1966) 65 Cal.2d 529, 537 [55 Cal.Rptr. 385, 421 P.2d 393]), and "guilty conduct is not a testimonial statement of guilt." (*Ibid.*)

Furthermore, a refusal lacks the element of compulsion often associated with the privilege against self-incrimination. Any compulsion would be directed toward persuading the suspect to take the test and produce the best evidence possible. (*Ibid.*)

Thus, admission into evidence of appellant's refusal to submit to a test which he had no constitutional right to refuse to take, does not violate his privilege against self-incrimination.

The Legislature has provided little guidance as to the proper sanction to be imposed for an officer's failure to advise an arrestee that a refusal to submit to a chemical test may be used against him in a court of law.

■ A statute must be construed in context, considering the nature and the obvious purpose of the statute. (*Sanchez* v. *Alexis* (1982) 131 Cal.App.3d 709 at p. 715 [182 Cal.Rptr. 593]; *People* v. *Fite* (1968) 267 Cal.App.2d 685, 687 [73 Cal.Rptr. 666].) " ' "[I]n construing a statute the court may consider the consequences that might flow from a particular interpretation. They will construe the statute with a view to promoting rather than to defeating its general purpose and the policy behind it." ' " (*Id.,* at pp. 687-688, quoting 45 Cal.Jur.2d 625-626.)

■ The ultimate purpose of Vehicle Code section 13353 is to inhibit intoxicated persons from driving on the highway in violation of Vehicle Code sections 23152 and 23153. (*People* v. *Brannon* (1973) 32 Cal.App.3d 971, 974 [108 Cal.Rptr. 620].) To accomplish this end, section 13353 has dual objectives: "(1) to secure chemical tests for determining whether or not a person was intoxicated while driving a motor vehicle to allow introduction of such evidence into court; and (2) to provide an administrative penalty for those drivers who refuse to comply." (*People* v. *Fite, supra,* 267 Cal.App.2d at p. 691.) Logic dictates that the recent amendment to the statute would serve to further promote this ultimate purpose on these objectives. A report of the Assembly Committee on Criminal Justice is in accord. The report provides in part: " 'Proponents indicate that this legislation would afford the arrested person further incentive for submitting to these tests by making him/her aware of the potential use of such a refusal in trial.' " (*Sanchez* v. *Alexis, supra,* 131 Cal.App.3d at p. 713.) By putting the arrestee on notice that his or her refusal may be used in a court of law, he or she will be made aware that a refusal to comply will translate into evidence of his or her consciousness of guilt.

The advisement required pursuant to the recent amendment to Vehicle Code section 13353 is distinguishable from the other admonishments required under that section. Any failure to admonish the arrestee of his choice of tests, or that a refusal to submit to a test will result in the suspension of his license, precludes the administrative suspension of the defendant's driving privilege; but the results of the test or a refusal are still admissible in a criminal proceeding. (*Sanchez* v. *Alexis, supra,* 131 Cal.App.3d at p. 714.)

The recent amendment, however, "is directed to already existing consequences, i.e., use of a refusal against the driver in a criminal prosecution." (*Sanchez* v. *Alexis, supra,* 131 Cal.App.3d at p. 715.) Hence, it would be self-defeating and contrary to the original purpose of the implied consent law to make evidence that was previously admissible without restriction, excludable because of an officer's negligence. If the Legislature contemplated exclusion of the refusal, they could have drafted the amendment to suggest that evidence of a refusal to submit to a test is not admissible unless the driver is first advised that such a consequence may result from his or her refusal.

It defies reason that the Legislature would intend an amendment to section 13353 to mandate the exclusion of important, relevant and otherwise admissible circumstantial evidence of the defendant's guilt. More likely, the purpose of the amendment was to encourage compliance by the arrestee by making the arrestee aware of the consequence of his refusal to submit to the test. By encouraging compliance, the prosecution is afforded the best evidence in the least obtrusive fashion. The failure of an officer to advise an arrestee of the use of his or her refusal in a court of law, will go to the weight, rather than the admissibility of the circumstantial evidence of the defendant's guilt.

*People* v. *Roach* (1980) 108 Cal.App.3d 891 [166 Cal.Rptr. 801] supports this conclusion. In *Roach,* the Court of Appeal held that even if the defendant was misled by the officer in refusing to comply with the request to take the test, the officer's misleading conduct went to "weight to be attributed to the evidence of that refusal, not its admissibility." (*Id.,* at p. 894.)

■ Inasmuch as the failure of the officer to properly advise the arrestee of the use of his refusal in a court of law goes to the weight of the evidence, the arrestee may be entitled to a jury instruction regarding the advisement erroneously omitted. (See CALJIC No. 16.835 (4th rev. ed. 1979).)

■ Appellant's "refusal" to submit to a chemical test may be properly admitted as evidence in a court of law despite the failure of the arresting officer to advise him that the "refusal" could be used as such. The admission of the "refusal" does not infringe on appellant's constitutional rights, and the Legislature has not provided for the "refusal's" exclusion absent the advisement. It can be concluded that the Legislature added this new admonition in order to encourage voluntary submission to the required test. Noncompliance with the statute goes to the weight of the evidence, not to its admissibility.

The judgment is affirmed.

Andreen, Acting P. J., and Woolpert, J., concurred.