THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SPENCER E. MILLER, Defendant-Appellant.

Fourth District   No. 4—82—0448

Opinion filed March 31, 1983.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, and Thomas H. Piper, of White Hall, *pro bono*, for appellant.

Tim Olson, State's Attorney, of Jacksonville (Robert J. Biderman and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:

Drunk driving, 60 days.

Appointed counsel denied.

We reverse and remand.

Early one April morning, Officer Neil Snelling of the Jacksonville City Police Department was on patrol. As he passed by a parking lot, he observed Miller entering his parked car. The officer circled the block and as he approached the parking lot again he saw Miller driving away. Miller was driving very erratically—weaving across the center line several times, failing to stop at a stop sign, and running a red light. The officer stopped Miller's car and asked Miller for his driver's license. After detecting a strong odor of alcohol, Officer Snelling asked Miller to step out of his car and perform a "field sobriety test." Miller got out of his car but refused to perform the test. The officer then placed Miller under arrest and transported him to the police station. At the station, the officer again advised Miller that he was under arrest, informed him of his rights, and asked him to take a breath analysis test. But Miller refused to take the breath test. Miller was then charged with driving under the influence of intoxicating liquor.

At his arraignment, Miller asked the trial judge to appoint a public defender to represent him. The judge refused without conducting any inquiry into Miller's financial condition. At his jury trial, Miller represented himself and was found guilty. He was later sentenced to 60 days in jail.

### Right to Counsel

Miller argues that he was denied his right to counsel because the trial court dismissed his request for appointment of counsel without any inquiry into his financial status. The State concedes that Miller was denied his right to counsel.

Both Miller and the State are correct.

Miller was indeed denied his right to counsel.

■ This court recently held in *People v. Penermon* (1982), 108 Ill. App. 3d 73, 438 N.E.2d 946, that the failure by the trial court to make an inquiry into the defendant's financial status before refusing to appoint counsel is a fatal flaw which requires reversal. When determining whether to appoint counsel, the trial court must conduct a serious inquiry into the defendant's ability to hire counsel. That inquiry should include balancing the defendant's assets and income against his liabilities. It is clear from the record in the case at bar that the trial court failed to make such an inquiry.

*Ergo*, we must reverse.

### The Field Sobriety Test

■ Although we are reversing Miller's conviction, he has raised two other issues which in the interest of judicial economy and efficiency should be addressed to assist the court below on retrial. First, Miller argues that it was error for the trial court to admit evidence of his refusal to perform the "field sobriety test." We disagree. Field sobriety tests are used by police officers to determine whether an individual is intoxicated. The officer asks the suspect to perform simple physical acts such as touching his finger to his nose, walking a straight line, or picking up a coin. The results of such a test are admissible into evidence (*People v. Krueger* (1968), 99 Ill. App. 2d 431, 241 N.E.2d 707), and we hold that a refusal to perform the test is also admissible.

### The Breath Analysis Test

■ Secondly, Miller argues that it was error for the trial court to admit evidence of his refusal to take a breath analysis test because he had not been warned that such a refusal could be admitted into evi-

dence. Once again we disagree. Section 11—501.2(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(c)) provides:

> "If a person under arrest refuses to submit to a chemical test under the provisions of Section 11—501.1, evidence of refusal shall be admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person under the influence of alcohol *** was driving or in actual physical control of a motor vehicle."

This section does not require the arresting officer to warn the person under arrest that his refusal to submit to the test may be admitted into evidence in a civil or criminal action. Therefore, the failure to warn only goes to the *weight* which the trier of fact should assign to the suspect's refusal to perform the test and *not* to the *admissibility* of that refusal. See *People v. Municipal Court* (1982), 137 Cal. App. 3d 114, 186 Cal. Rptr. 716.

Furthermore, even if the trial court had committed error by admitting evidence of Miller's refusal to take the two tests, Miller waived that error by failing to file a post-trial motion. *People v. Koss* (1977), 52 Ill. App. 3d 605, 367 N.E.2d 1040.

Reversed and remanded.

WEBBER, P.J., and GREEN, J., concur.