THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM J. ROBERTS, Defendant-Appellant.

Second District   No. 81—890

Opinion filed June 2, 1983.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of Elgin, and John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, William J. Roberts, was found guilty in a jury trial of driving while under the influence of intoxicating liquor (DWI) (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a)), improper lane usage (Ill. Rev. Stat. 1979, ch. 95½, par. 11—709), and driving while his license was revoked (Ill. Rev. Stat. 1979, ch. 95½, par. 6—303). Following a

sentencing hearing, defendant was sentenced to concurrent terms of 20 days in jail on each offense.

On appeal defendant raises two issues: (1) that it was error for the trial court to admit evidence of defendant's refusal to perform field sobriety tests; and (2) that defendant is entitled to a new sentencing hearing because the trial court did not make findings as required under section 5—6—1(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a)) before denying probation or conditional discharge.

We summarize only the facts pertinent to the issues raised. On May 31, 1980, at approximately 1 a.m., Officer James Comrie observed a car, weaving on the highway, which he followed for three-quarters of a mile. After the car was stopped, he observed the driver, defendant, trying to switch places with the passenger. Upon opening the door of the car, Comrie noticed a strong odor of alcohol and, subsequently, observed that defendant's speech was slurred, that his breath contained a strong odor of alcohol, and that he was unsteady on his feet. At the scene, defendant refused "to walk the white line." Defendant was arrested for DWI and taken to the District 15 substation where he was then asked to take additional physical performance-type tests consisting of a balance test, a finger-to-nose test, and coin-pick-up test. Defendant refused to take these tests. At trial, the State placed in evidence defendant's refusal to perform the sobriety test at the scene and the tests at the substation. The trial court had previously denied defendant's motion *in limine* which sought to prohibit any testimony that defendant refused to take the physical performance tests.

Defendant's initial contention on appeal is that evidence of his refusal to perform the sobriety tests was not probative of any issue at trial and was therefore irrelevant. He argues that its admission was prejudicial since it created the improper inference that his refusal was evidence that he was intoxicated. The State correctly maintains that defendant has waived any such claim of error by failing to specifically raise this issue in his written post-trial motion.

■■ ■ A failure to raise an issue in a post-trial motion following a jury trial constitutes a waiver of that issue, and it cannot be urged as a ground for reversal on review. (*People v. Lucas* (1981), 88 Ill. 2d 245, 250, 430 N.E.2d 1091.) It is not sufficient that a party only object at trial to preserve an issue for review, as defendant did here by raising the issue in his motion *in limine*, but it is necessary to specifically include that issue in a post-trial motion (*People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181, 415 N.E.2d 1027; *People v. Winston* (1982),

106 Ill. App. 3d 673, 686, 435 N.E.2d 1327), so that the trial judge may reconsider the ruling in a less pressured environment and order a new trial when appropriate. (*People v. Jackson* (1981), 84 Ill. 2d 350, 358-59, 418 N.E.2d 739.) Nevertheless, even though not raised in the post-trial motion, "[p]lain errors or defects affecting substantial rights may be noticed" by a reviewing court under Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)). (*People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d 233.) The doctrine of plain error may be invoked in criminal cases where the evidence is closely balanced or where the error was of such magnitude that the accused was denied a fair trial. (*People v. Lucas* (1981), 88 Ill. 2d 245, 251, 430 N.E.2d 1091.) Here, for the reasons set forth below, we find it was not error to admit testimony that defendant refused to perform certain sobriety tests, and thus, the doctrine of plain error may not be invoked.

Defendant does not contend on appeal that his refusal to take these tests was constitutionally protected. Indeed, the Supreme Court in *South Dakota v. Neville* (1983), 459 U.S. ___, 74 L. Ed. 2d 748, 103 S. Ct. 916, recently held that the admission into evidence of a defendant's refusal to submit to a blood-alcohol test, after a police officer lawfully requested it, is not protected by the privilege against self-incrimination. Defendant does maintain, however, that evidence of his refusal to take the physical performance tests was "irrelevant and prejudicial, allowing the jury to improperly infer that his refusal was evidence that he was intoxicated."

A similar contention was rejected by the Appellate Court, Fourth District, in *People v. Miller* (1983), 113 Ill. App. 3d 845, 447 N.E.2d 1060, which held that a defendant's refusal to perform such tests was admissible in evidence. (113 Ill. App. 3d 845, 847, 447 N.E.2d 1060.) We believe that the purpose of asking defendant to perform these tests was to obtain probative physical evidence of his intoxication, and his conduct in refusing to perform the tests was merely incident to that effort. Evidence of refusal to take a potentially incriminating test is similar to other circumstantial evidence of consciousness of guilt which may be inferred from a defendant's conduct. (*People v. Ellis* (1966), 65 Cal. 2d 529, 421 P.2d 393, 55 Cal. Rptr. 385.) The evidence of refusal is not only probative; its admission operates to induce suspects to cooperate with law enforcement officials. (See *People v. Ellis* (1966), 65 Cal. 2d 529, 538, 421 P.2d 393, 398, 55 Cal. Rptr. 385, 390.) Here, the evidence of defendant's refusal to perform the sobriety tests merely exposed him to the drawing of inferences, by the trier of fact, of his state of mind relative to his ability to perform the tests. We find this evidence to be probative of the

issue of his intoxication.

Defendant analogizes evidence of his refusal to perform these sobriety tests to evidence of a defendant's refusal to speak, after his arrest and after being warned of his *Miranda* right to remain silent, which was held to violate a defendant's privilege against self-incrimination in *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240. However, the deprivation of due process found in *Doyle v. Ohio*, by using an arrested person's silence to impeach an explanation subsequently offered at trial after initially being warned of the right to remain silent, is based upon the underlying constitutional right to remain silent. There is no underlying constitutional or statutory right to refuse to take physical performance sobriety tests. See *South Dakota v. Neville* (1983), 459 U.S. ___, ___, 74 L. Ed. 2d 748, 759-60, 103 S. Ct. 916, 923-24.

■ Defendant also relies on *People v. Knutson* (1958), 17 Ill. App. 2d 251, 149 N.E.2d 461, which found evidence of a defendant's refusal to take an intoximeter test prejudicial error as it did not tend to prove any material issue in the case. In light of the development of the case law since that dated decision, and its factual dissimilarities to the instant case, we do not find it persuasive authority. Accordingly, we find no error was committed by the introduction into evidence of testimony of defendant's refusal to take the above-described physical performance sobriety tests.

Defendant's remaining contention on appeal is that the trial court sentenced him to a term of imprisonment without making specific findings pursuant to section 5—6—1(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a)) before denying him probation or conditional discharge. Defendant correctly maintains that prior to imposing the 20-day jail sentences the court below did not expressly recite that "imprisonment or periodic imprisonment is necessary for the protection of the public" or that "probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." See Ill. Rev. Stat. 1979, ch. 38, pars. 1005—6—1(a)(1), (2).

■ Even though the trial court does not expressly recite, under sections 5—6—1(a)(1), (2), which basis it relied on in refusing to sentence the defendant to probation or conditional discharge, the statutory requirement is satisfied where the record reveals substantial compliance with section 5—6—1(a)(1), (2). (*People v. Cox* (1980), 82 Ill. 2d 268, 281, 412 N.E.2d 541.) Substantial compliance occurs where the record indicates that the sentencing judge is of the opinion that imprisonment is necessary for the protection of the public or that pro-

bation or conditional discharge would deprecate the seriousness of the accused's conduct and would be inconsistent with the ends of justice. (*People v. Kuesis* (1980), 83 Ill. 2d 402, 408-09, 415 N.E.2d 323; *People v. Cox* (1980), 82 Ill. 2d 268, 281, 412 N.E.2d 541.) Substantial compliance may be found in the trial court's discussion of the presentence report or the factors presented in the sentencing hearing. See *People v. Kuesis* (1980), 83 Ill. 2d 402, 409-10, 415 N.E.2d 323.

■ It is evident from the record that the trial court considered the presentence report, a certified abstract of defendant's driving record, the arguments of counsel, and a statement by the defendant. The court noted that defendant had "numerous traffic violations, one of them a prior driving while intoxicated" conviction. The court then pronounced a 20-day jail sentence. Subsequently, the court stated: "No fine, no probation. You have been through probation several times. I think it's a waste of time for you and a waste of time for the probation department." While minimal, the court did give an explanation why it was rejecting probation and imposing a jail term consistent with the statutory mandate. Accordingly, the trial court substantially complied with section 5—6—1(a)(1), (2).

For the foregoing reasons, we affirm the judgments entered below.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.