THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN A. McPHERSON, Defendant-Appellant.

Third District   No. 3—84—0514

Opinion filed September 9, 1985.

Ronald L. Hamm, of Hamm & Hanna, Ltd., of Peoria, for appellant.

Joan C. Scott, State's Attorney, of Lewistown (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Steven A. McPherson, was charged with murder (two counts), voluntary manslaughter, and involuntary manslaughter. The charges stemmed from the death of the defendant's wife. Following a jury trial, the defendant was found guilty of involuntary manslaughter and was sentenced to 30 months of imprisonment. On appeal, the defendant challenges the imposed sentence. We affirm.

At the sentencing hearing, the trial court considered all of the statutory factors in mitigation and aggravation. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.1 and 1005—5—3.2.) The court found the following factors in mitigation to be applicable: (1) the defendant had no history of prior criminal activity; (2) the defendant's character and attitudes indicated that he was unlikely to commit another crime; (3) the defendant's conduct was the result of circumstances unlikely to reoccur; (4) he was likely to comply with the terms of probation; (5) the defendant's imprisonment would entail excessive hardship to his dependents; and (6) such imprisonment could endanger his medical condition.

In aggravation, the trial court found that the sentence was necessary to deter others from committing the same crime. After consider-

ing these various factors in mitigation and aggravation, the court imposed a 30-month term of imprisonment. The defendant filed the instant appeal.

The defendant argues on appeal that the trial court erred in sentencing him to a term of imprisonment rather than probation. The defendant bases his argument on three alleged errors committed by the court in sentencing him.

■■ The defendant first contends that imprisonment was improperly imposed because the court made no specific findings as to the necessity of a sentence of imprisonment as opposed to a sentence of probation. The defendant relies on section 5—6—1(a) of the Unified Code of Corrections (hereafter the Code) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)).

Section 5—6—1(a) of the Code specifies the factors upon which probation may be denied:

> "(a) Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:
>
> (1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or
>
> (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a).)

Under this statutory provision, it is not necessary that the trial court expressly recite the basis upon which probation is denied. The statutory requirements are satisfied where the record reveals substantial compliance with the statute. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Substantial compliance may be found in the trial court's discussion of the presentence report or in the factors presented in the sentencing hearing. *People v. Roberts* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 451.

We find in the case at bar that the trial court substantially complied with the statutory requirements of section 5—6—1(a). Although the court did not expressly recite the basis upon which probation was denied, the record clearly indicates that the court did review and consider all of the factors presented at the sentencing hearing. The factors in mitigation were outweighed by the aggravating factor of the need for deterrence. The court's analysis of these factors is well sup-

ported by the record. We note further that the court's finding of the need for deterrence constitutes substantial compliance with the statutory provision that probation would deprecate the seriousness of the offense.

The defendant next contends that the trial court improperly suggested that he should have been convicted of a greater offense. The defendant cites as support the following comments of the court:

> "The circumstances of the use of that firearm, on this record, would seem to indicate more than involuntary manslaughter. I do not quarrel with the jury's verdict in this case. They have assembled, returned a verdict in due form."

The defendant concludes that the court sentenced him for conduct more serious than that which is encompassed within the offense of involuntary manslaughter. We disagree.

We have reviewed the statements made by the trial court during the sentencing hearing. The defendant's interpretation of the disputed comments is not supported by the tenor or the context of the trial court's remarks. Prior to making the alleged improper statements, the court observed that "the testimony in this case, the evidence presented by both sides, both the People and the Defendant, made a difficult decision for the jury." When viewed in the context of this previous statement, the disputed comments are merely a reference by the court to the nature of the evidence presented by both sides and the resulting difficulty of the jury's decision.

An examination of the evidence further supports the propriety of the court's observations regarding the "circumstances of the use of that firearm." The defendant alleged at trial that the shooting was accidental. The defendant testified that on the night of the shooting, he and his wife had an argument over which television program to watch. He left the house and took his rifle with him. When his car would not start, he took the gun out of its carrying case and returned to the house. As he was closing the door, the rifle hit the wall and discharged, the bullet striking his wife in the face. The defendant then attempted to shoot himself but missed, the bullet hitting the ceiling instead.

Evidence presented by the State indicated that the rifle may have been fired three times and that the gun was fired at a distance of no more than six inches from the victim's face. Additional evidence showed that a few weeks before the shooting, the police were called to the couple's home to quell a disturbance. At that time, the victim had indicated that she was afraid of the defendant.

Based on this evidence and the context of the disputed comments,

we find that the trial court did not consider any improper factors in making its sentencing determination. The defendant's sentence was properly imposed on the basis of the offense for which the defendant was convicted. The court, furthermore, clearly stated that it did not dispute the jury's verdict. We conclude, therefore, that the court's statements do not constitute error.

■ The final issue raised by the defendant is that the court improperly considered as a factor in aggravation that the victim died as a result of the defendant's conduct, a factor necessarily inherent in the offense of involuntary manslaughter. The defendant relies in his argument upon the principles set forth in *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.

We find no error by the trial court. The record demonstrates that the court was simply acknowledging the death of the victim. As stated in *People v. Martin* (1983), 112 Ill. App. 3d 486, 445 N.E.2d 795, it is unrealistic to suggest that the judge in sentencing the defendant must avoid mentioning the fact that someone has died or risk committing reversible error. The instant reference by the court did not violate the principle, established in *Conover*, that a factor inherent in an offense should not be considered as a statutory aggravating factor. We note further that the instant court specifically stated during sentencing that the victim's death would not be considered as an aggravating factor since it was implicit in the offense of involuntary manslaughter.

Because we find that the trial judge properly exercised his discretion in sentencing the defendant, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.