THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY BINKLEY, Defendant-Appellant.

Third District   No. 3—87—0708

Opinion filed November 30, 1988.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Gary Binkley, entered a blind plea of guilty to criminal sexual assault of his minor daughter (Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(3)), June, in August of 1986. Defendant was duly admonished, a factual basis for the plea was presented, and the court accepted the plea. The court sentenced defendant to serve the minimum term of imprisonment—four years—in the Department of Corrections. Defendant filed timely motions to vacate his plea and to reconsider his sentence. The motions were denied. Defendant appeals on grounds that the trial court based its sentencing determination on erroneous assumptions and that the prison sentence was an abuse of the trial court's discretion. We affirm.

At the sentencing hearing, it was established that defendant began sexual advances toward June when she was about 8 years old (June's version) or 11 years old (defendant's). Between that time and when June was 11 (June's version) or 15 (defendant's), defendant introduced her to oral sex and then intercourse on a monthly or semimonthly basis until she was 17. The sexual activity took place only

when no one else was around. Defendant did not physically force himself on his daughter, but she did not voluntarily engage in it either. According to June, defendant made her watch X-rated videos and look at "dirty books" as well. In June of 1986, June revealed the true nature of her relationship with her father to her boyfriend, David. David became upset. Defendant intervened and told his new bride, Josephine, what had been going on, and Josephine talked to June. June refused to consider going for counselling at the time. In September, she moved out of her father's home.

The instant charge was brought in October 1986. Defendant began seeing psychologist William McManus, Sr., in December. At defendant's sentencing hearing McManus testified that defendant was an excellent candidate for complete rehabilitation. Through testing, McManus had determined that defendant was not a pedophile, that he was of average intelligence, and that he felt a need for warmth and security in his family. McManus revealed that defendant's lack of inhibition in approaching his daughter for sexual gratification was a probable consequence of defendant's introduction to sex by a maternal aunt at age 12. Defendant confused his feelings of affection for his daughter with sex and perceived his sexual advances toward June as nonexploitive behavior to relieve financial and marital stresses in his life. McManus testified that defendant had shown significant progress during the period he was in treatment. McManus opined that at the time of the hearing defendant appreciated that his conduct had been wrong and would not be likely to repeat the offense.

Defendant also introduced the testimony of his wife, Josephine, and his 20-year old stepdaughter, Wendy Beiber. Josephine testified that defendant provided financial support for the family, consisting of defendant, herself, her daughter, Wendy, and Wendy's 20-month old son. Wendy worked as a waitress during the day and did not fear leaving her son, Cory, with defendant. Wendy testified that Cory was very attached to defendant and he spent a lot of time entertaining the child. Defendant testified that he worked as a cabinetmaker. In addition to supporting his present family, defendant stated that he was paying court-ordered support for a son, Matthew. Defendant stated that he deeply regretted having hurt his daughter and that he wanted her to have counseling.

Finally, it was established that June had attended a few counseling sessions for children of sexual abuse, but that her mother had decided that it was too much trouble to bring June to the counselor, and for this reason the sessions were discontinued.

Based on the evidence presented, defense counsel argued that

defendant's, lack of any significant criminal record, the importance of his continued support for his family, and his good prospects for rehabilitation made him a candidate for probation. The prosecution urged the court to impose a six-year term of imprisonment. Before imposing a sentence, the court expressed its opinion that a sentence of probation would deprecate the seriousness of the offense, and stated further that probation was unavailable to the defendant since the court could not affirmatively deal with the safety and welfare of the victim pursuant to section 5—5—3(e) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(e)).

■■ In his first issue on appeal defendant contends that the sentencing court's denial of probation was the product of various errors, including misapplication of relevant statutory authority. The court considered both section 5—6—1(a) and section 5—5—3(e) of the Unified Code of Corrections before imposing the four-year minimum prison sentence for this offense. The former recites in relevant part that

> "[e]xcept where specifically prohibited by other provisions of this Code, the court *shall* impose a sentence of probation or conditional discharge \*\*\* unless \*\*\* the court is of the opinion that:
> \*\*\*
> (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(a)(2).)

In section 5—5—3(e), the Code provides that

> "[i]n cases where prosecution for criminal sexual assault \*\*\* results in conviction of a defendant who was a family member of the victim at the time of the commission of the offense, the court shall consider the safety and welfare of the victim and *may* impose a sentence of probation only where the court finds (i) or (ii) or both are appropriate:
> (i) the defendant is willing to undergo a court approved counseling program for a minimum duration of 2 years; or
> (ii) the defendant is willing to participate in a court approved plan including but not limited to the defendant's:
> (1) removal from the household;
> (2) restricted contact with the victim;
> (3) continued financial support of the family;
> (4) restitution for harm done to the victim; and
> (5) such other measures that the court may deem appropri-

ate." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(e).)

While a sentence of probation is clearly a matter within the court's sound discretion, these statutory sections place guidelines on the exercise of that discretion. We have underscored the words "shall" in section 5—6—1(a) and "may" in section 5—5—3(e) to highlight the divergent legislative purposes inherent in the two sections. The former section evinces the legislature's general preference for probation and requires the court to consider a sentence of probation in the absence of extenuating circumstances (subsections (1) and (2)). By contrast, section 5—5—3(e) manifests the legislature's intent to restrict the granting of probation in cases such as this and to permit—but not require—such disposition within the discretion of the sentencing judge only under appropriate circumstances (subsections (i) and (ii)).

In this case, the court expressed its opinion that a sentence of probation would deprecate the seriousness of the offense. Defendant first complains that the judge's finding in this regard was incomplete, because to mirror the statute he would have had to go on to recite "and would be inconsistent with the ends of justice." Defendant's point is not well-taken. We have repeatedly held that recitation of the precise words of the statute is not required if the record indicates that the sentencing court substantially complied, *i.e.*, that the court reviewed and considered all relevant factors presented at the sentencing hearing. (*People v. Van Kampen* (1986), 147 Ill. App. 3d 181, 187, 497 N.E.2d 1031, 1034, citing *People v. McPherson* (1985), 136 Ill. App. 3d 313, 483 N.E.2d 592.) Here, the court heard evidence that the offense with which defendant had been charged was not an isolated event. Defendant had engaged in sexual conduct with his daughter from her early childhood until shortly before she left his home at age 17. The judge noted that he did not consider the offense nonprobationable, but that the facts here called for a more severe sentence. It is clear from the record that the court in this case carefully weighed and evaluated the evidence both in mitigation and in aggravation before reaching the opinion that a sentence of probation was not warranted pursuant to section 5—6—1(a)(2) of the Code. The record on review supports that conclusion. The court's failure to parrot the language of the statute is not cause for reversal.

At this point further discussion of the court's sentencing decision may be superfluous; nonetheless, we deem it appropriate to respond to defendant's further argument respecting the trial judge's comments upon consideration of section 5—5—3(e). Pursuant to that section the court is directed to consider the safety and welfare of the

victim and make further findings before granting probation. In our opinion, this section precludes imposing a sentence of probation in those cases where probation would otherwise be granted under section 5—6—1, but provisions (subsections 5—5—3(e)(i) and (e)(ii)) cannot be made for the protection of the victim. Section 5—5—3(e) recognizes that in the intrafamilial situation it is not so much the public that is in need of protection (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(a)(1)), but the victim, who may have no choice but to continue to reside in close proximity to, if not the same household as, the convicted offender.

■ The court in this case expressed concern for the victim, who was 18 years old at the time of sentencing and who was not living in the same household as the defendant and was not receiving the benefit of counseling to help heal her psychological wounds. The court opined that, although counseling was indicated for June, her cooperation could not be assured. Defendant argues that the statute was misinterpreted by the court as requiring affirmative relief for the victim instead of restraints on the defendant. Defendant attaches undue significance to the court's comments in this regard. Even were we to agree that the court's comments missed the focus of section 5—5—3(e), probation would not be mandated in this case. Any misunderstanding of that section could not have influenced the court's ultimate sentencing determination. As aforesaid, the court found probation an inappropriate disposition under section 5—6—1(a)(2), and it was well within the discretionary authority of the court to deny probation, given the circumstances presented here.

Defendant also suggests that the sentencing court erred by considering the seriousness of the nature of the offense as a factor in aggravation. We have reviewed the record where the court commented upon the relevant sentencing provisions and find no merit to defendant's assertion. The court merely acknowledged the expression of the legislature and pronounced its well-considered disposition.

Next, defendant argues that the court erred in calculating the number of good-time days defendant could receive credit for against his four-year sentence. The State correctly notes that the calculation he now complains of was injected by defense counsel and, in any event, was waived by failure to bring the matter to the attention of the trial court.

■ Lastly, defendant contends that the trial court abused its discretion in denying a sentence of probation. The trial court agonized long and hard over its disposition here. The court did not deny that it was a particularly difficult decision to reach. The record reflects the

court's compassion for both the defendant and the victim. Ultimately, the court determined that probation was not an appropriate sentence and imposed the minimum term of imprisonment. As aforesaid, the record amply supports the court's disposition. It is neither arbitrary nor an abuse of discretion and will not be disturbed on appeal.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.