THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROY E. MASHANEY, Defendant-Appellant.

Third District   No. 3—87—0086

Opinion filed September 16, 1987.

Marcia F. Straub, of Peoria, and Kevin Tilton, of Bartonville, for appellant.

John A. Barra, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

In a stipulated trial, the defendant Roy Mashaney was convicted of unlawful possession of marijuana. (Ill. Rev. Stat. 1985, ch. 56½, par. 704(e).) He appeals his conviction, arguing that the court improperly denied his motions to quash the search warrant and suppress evidence. We affirm.

In October of 1985, a Multi-County Drug Enforcement Group (MEG) supervisory officer received an anonymous telephone report that the defendant was growing and selling marijuana at his residence. In October of 1986, that MEG supervisory officer received another anonymous telephone report concerning marijuana growing inside the defendant's fence. After the second call, the MEG supervisor instructed MEG officer Martin Klatt to observe the defendant's Bartonville residence. According to the supervisor, he shared with Officer Klatt the Bartonville police chief's representation that property beyond the defendant's fence was village property; and he instructed Klatt not to enter the defendant's property.

After observing the defendant's property, Officer Klatt completed a complaint for a warrant to search within the defendant's stockade fence and to seize the marijuana therein. In the complaint, Officer Klatt represented that "over the prior two years numerous complaints had been received by Peoria MEG concerning sightings of marijuana being grown within the wooden stockade-type fence attached to" the defendant's residence. Officer Klatt further represented that from a ditch south of the defendant's residence, he had used binoculars and a telephoto lens to observe and photograph the stockade-fenced area. According to the complaint, the ditch was approximately 20 feet south of a chain link fence surrounding the approximately 9-foot-tall stockade fence. Also, according to the complaint, the ditch was in an "unincorporated area." As the court found, testimony at the suppression hearings established that the officer had understood "unincorporated" to mean "publicly owned." The complaint stated that Officer Klatt observed marijuana plants growing over the fence and inside an opening in the fence.

Based upon the complaint, a judge issued the search warrant. Officer Klatt executed the warrant and seized marijuana plants within

the defendant's stockade-fenced garden. Following hearings, the court denied the defendant's motion to quash the warrant and to suppress. It found that the defendant's garden within the stockade fence was entitled to protection under the fourth amendment to the United States Constitution, as it was within the curtilage of the defendant's residence. It noted that the defendant would have no expectation of privacy in plants which could be observed from public property. Also, it found that the police believed in good faith that they were on public property when they observed marijuana plants growing above the defendant's stockade fence. The court also found that the complaint for a search warrant was sufficient after striking its claim that police had received "numerous" complaints. Following the court's denial of the motions, the defendant was convicted in a stipulated trial. He appeals from his conviction.

On appeal the defendant argues that "the court erred in applying the good faith exception to the exclusionary rule when the search warrant contained misstatements of fact and a reckless disregard for the truth and was based on evidence illegally obtained." The defendant apparently intertwines several legal theories in his statement of the issue. Based upon the facts, his full argument and the authority he cites, we determine that he asserts that the court erred in denying the motion to quash and suppress because of one or more of the following: (1) the warrant and seizure flowed from an illegal, warrantless search, *i.e.*, Officer Klatt's observation from the ditch near the defendant's house; (2) Officer Klatt's complaint for the search warrant contained reckless misstatements of fact; and (3) the court should not have applied any good-faith exception to either Officer Klatt's warrantless observation of the defendant's residence or Officer Klatt's execution of the warrant supported by his illegal, warrantless search and his recklessly false complaint.

■■■ It has often been held that evidence which is seized as a product of a violation of the defendant's protections under the fourth amendment to the United States Constitution would not be admitted as evidence against the defendant. (See *Mapp v. Ohio* (1961), 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684.) Further, a search warrant must be voided and its fruits must be suppressed from evidence if the affidavit supporting the warrant is not sufficient without those of its statements which the defendant establishes as knowingly or recklessly false. (*Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.) However, the benefits of the exclusionary rule, which is designed to deter police misconduct, do not always justify the substantial costs of exclusion of evidence. (*United States v. Leon* (1984),

468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405; *People v. Stewart* (1984), 104 Ill. 2d 463, 473 N.E.2d 1227.) The trial court's findings of fact on a motion to suppress will not be disturbed upon review unless they are contrary to the manifest weight of the evidence. *People v. Wiggins* (1976), 45 Ill. App. 3d 85, 358 N.E.2d 1301.

The defendant does not argue, and we would not find, that the instant seizure was beyond the scope of its supporting search warrant. Similarly, the defendant does not argue, and we would not find, that the search warrant was facially invalid. The court found with support of the record that after striking the search warrant complaint's questionable claim of "numerous complaints," the remaining assertions that Officer Klatt observed marijuana growing up from the defendant's fenced yard were facially sufficient to support issuance of the search warrant. Therefore, the question at the core of this appeal is whether Officer Klatt's warrantless observation of the defendant's fenced garden was a violation of the fourth amendment from which the search warrant and seizure of evidence directly flowed and which required suppression of the evidence seized.

The court found that Officer Klatt reasonably and in good faith believed that he entered only public property to observe the marijuana. With reference to that finding, it concluded that the evidence ultimately traceable to the officer's warrantless observation should not be suppressed. We find ample record support for the good-faith finding and reach the same conclusion as the trial court.

The record shows that Officer Klatt was informed by his superior officer who, in turn, had been informed by the chief of the local police that the area beyond the defendant's fence was public property. Klatt went to the defendant's residence and found a tall stockade fence attached to the defendant's house. That fence, together with the house and garage, completely enclosed the piece of land which interested Klatt. Officer Klatt also found a chain link fence which he testified went around the defendant's entire back yard. He encountered no other indications of the defendant's lot line.

Officer Klatt came through a heavily wooded ditch beyond the defendant's fences in order to observe the premises. In doing so, he deliberately avoided taking an easier view which he believed would require him to enter private property. He encountered no "No Trespassing" postings or other indications of the defendant's property line. There is no reason to doubt his or the other officers' belief that he would be entering only public property.

■ The record supports a finding that the police acted in objective good faith in observing the defendant's property. Consequently,

394

the application of the exclusionary rule in this case could not serve the rule's purpose of deterring malicious police conduct. (See *United States v. Leon* (1984), 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405; *Illinois v. Krull* (1987), 480 U.S. ___, 94 L. Ed. 2d 364, 107 S. Ct. 1160.) Rather, it merely could serve to force crime investigators to master the skills of precisely establishing land ownership. We find it entirely unreasonable to require every crime investigator to note the exact location, dimensions, and limits of a piece of property near undeveloped areas. We do not believe that the purpose of the exclusionary rule is properly served by requiring police to serve as title examiners and land surveyors.

Accordingly, we find that the court appropriately applied a good-faith analysis to the instant case and correctly denied the defendant's motions to quash and suppress. Consequently, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

STOUDER and SCOTT, JJ., concur.