THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KENNETH L. GARRIOTT, Defendant-Appellee.

Fourth District   No. 4—93—0458

Opinion filed November 30, 1993.

John Turner, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Nick F. Burgrabe, of Lincoln, for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In March 1993, the State charged defendant, Kenneth L. Garriott, with driving under the influence of alcohol (DUI) arising from his driving an automobile on private property (625 ILCS 5/11—501(a) (West 1992)). In May 1993, defendant filed a motion *in limine* to prohibit the State from introducing evidence of his refusal to submit to a breathalyzer test at his DUI trial. The trial court granted the motion, and the State appeals.

We reverse and remand.

## I. BACKGROUND

The facts of this case are not in dispute. In March 1993, the State charged defendant with DUI. The State conceded that this charge was based solely upon defendant's driving his automobile on private property. After arresting defendant, the arresting officer gave defendant the statutory warning to motorists required by section 11—501.1(c) of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.1(c) (West 1992)), and asked him to submit to a breathalyzer test. Defendant refused.

Shortly thereafter, the Secretary of State's office summarily suspended defendant's driver's license pursuant to section 11—501.1 of the Code. That section requires the Secretary of State to suspend the driving privileges of a person arrested for DUI for driving an automobile "upon the public highways of this State" who refuses to submit to a breathalyzer test. 625 ILCS 5/11—501.1 (West 1992).

In April 1993, defendant filed a petition to rescind his statutory summary suspension, arguing that he was not driving or in actual control of a vehicle on a public highway as required by section 11—501.1(a) of the Code. (625 ILCS 5/11—501.1(a) (West 1992).) The court agreed and rescinded the summary suspension.

In May 1993, defendant filed a motion *in limine* to bar the State from introducing evidence at his DUI trial of his refusal to submit to the breathalyzer test. The trial court concluded that section 11—501.1 of the Code did not require defendant to submit to the test and granted the motion. The court held that section 11—501.1 of the Code applied only to situations in which a defendant operated an automobile upon a public highway. Noting that defendant was arrested for committing DUI on private property, the court stated that he was therefore not obligated to submit to a breathalyzer test. Because defendant was not obligated to submit to the test, the court held that the State could not introduce evidence of his refusal.

## II. ANALYSIS

The sole issue on appeal is whether a defendant's refusal to submit to a breathalyzer test, after an arrest for DUI on private property, is admissible at trial. For the reasons that follow, we conclude that it is and reverse.

Defendant's motion *in limine* sought to exclude evidence from trial due to the State's allegedly improper acquisition of the evidence. Thus, defendant intended his motion *in limine* to serve a function similar to that of a motion to suppress evidence because of an alleg-

edly improper search. Generally, a court of review will not reverse a trial court's determination on a motion to suppress unless it is manifestly erroneous. (*People v. Murray* (1990), 137 Ill. 2d 382, 387, 560 N.E.2d 309, 311; *People v. Smith* (1992), 224 Ill. App. 3d 511, 514, 586 N.E.2d 785, 787.) This rule exists because motions to suppress typically involve assessing the credibility of witnesses and weighing their testimony, functions the trial court is best suited to accomplish. See *People v. Wittenmyer* (1992), 151 Ill. 2d 175, 191, 601 N.E.2d 735, 743.

However, this case contains no substantive issue of fact—the State concedes that defendant was arrested for DUI on private property. The trial court here granted defendant's motion *in limine* based upon its analysis of the law. Accordingly, we review its decision *de novo*. See *In re D.G.* (1991), 144 Ill. 2d 404, 408-09, 581 N.E.2d 648, 649 ("[W]here neither the facts nor credibility of the witnesses is contested, the issue *** is a legal question which a reviewing court may consider *de novo*"); see also T. O'Neill, *Standards of Review in Illinois Criminal Cases: The Need for Major Reform*, 17 S. Ill. U.L.J. 78-80 (1992).

Section 11—501.1, the implied consent provision of the Code, provides as follows:

> "Any person who drives or is in actual physical control of a motor vehicle *upon the public highways* of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, urine for the purpose of determining the alcohol *** content of such person's blood if [that person has been arrested for DUI]." (Emphasis added.) (625 ILCS 5/11—501.1(a) (West 1992).)

This section permits a police officer to require a defendant arrested for DUI while on "the public highways of this State" to submit to a breathalyzer test. If he refuses, section 11—501.1(e) of the Code requires the Secretary of State to summarily suspend his driving privileges for a specified period. 625 ILCS 5/11—501.1(e) (West 1992).

Section 11—501.2(c) of the Code provides as follows:

> "If a person under arrest [for DUI] refuses to submit to a chemical test under the provisions of Section 11—501.1, *evidence of refusal shall be admissible* in any civil or criminal action or proceeding arising out of acts alleged to have been committed ***." (Emphasis added.) 625 ILCS 5/11—501.2(c) (West 1992).

Defendant argues that the trial court properly held evidence of his refusal inadmissible because section 11—501.2(c) does not apply to his

situation. He claims that, because section 11–501.2(c) refers to the implied consent statute (section 11–501.1 of the Code), only evidence of a refusal to submit to a test required by that provision is admissible at trial under section 11–501.2(c) of the Code. Because defendant was arrested for DUI on private property, the implied consent statute did not require him to take the breathalyzer test. Therefore, he contends that section 11–501.2(c) of the Code does not apply, and his refusal to take the breathalyzer test was inadmissible. We disagree.

First, regarding the constitutional claim that evidence of a defendant's refusal to submit to a breathalyzer test is prohibited as an act of self-incrimination, both the United States Supreme Court and the Illinois Supreme Court have conclusively held that a motorist's refusal to submit to a blood-alcohol test is not an act protected by either Federal or State privileges against self-incrimination. (See *South Dakota v. Neville* (1983), 459 U.S. 553, 564, 74 L. Ed. 2d 748, 759, 103 S. Ct. 916, 923; *People v. Bugbee* (1990), 201 Ill. App. 3d 952, 956, 559 N.E.2d 554, 556.) In *People v. Rolfingsmeyer* (1984), 101 Ill. 2d 137, 141-42, 461 N.E.2d 410, 412, the supreme court of Illinois addressed the defendant's self-incrimination challenge to section 11–501.2(c). In upholding the statute, the court stated the following:

"Section 11–501.2(c) simply provides a statutory consequence of a driver's refusal to agree to a breath test. The [United States] Supreme Court has pointed out that the right to remain silent does not mean that a driver has a right to refuse a breath test. Consequently, evidence of a refusal is not constitutionally protected." (*Rolfingsmeyer*, 101 Ill. 2d at 141-42, 461 N.E.2d at 412.)

Thus, in light of *Rolfingsmeyer*, we reject any claim that evidence of defendant's refusal is constitutionally prohibited.

Pursuant to the implied consent statute, a defendant arrested for committing DUI on the public highways must either submit to a breathalyzer test or face the statutory summary suspension. (See *People v. Ayres* (1992), 228 Ill. App. 3d 277, 279, 591 N.E.2d 931, 932.) Section 11–501.2(c) of the Code mandates the admissibility at trial of a refusal to such a request. (*People v. Thomas* (1990), 200 Ill. App. 3d 268, 283, 558 N.E.2d 656, 667.) However, we hold that a refusal to submit to a breathalyzer test is admissible *regardless* of whether that refusal occurs within the provisions of section 11–501.1 of the Code, the implied consent statute.

Section 11–501.1 of the Code empowers a police officer to *require*, by means of the threat of a statutory summary suspension for noncompliance, a driver arrested for DUI on the public highways to

submit to a breathalyzer test. However, because that statute applies only to a DUI committed on the public highways, a driver arrested for DUI on private property need not submit to a breathalyzer test or face statutory summary suspension. Nonetheless, a police officer may still *request* a driver arrested for DUI on private property to submit to a breathalyzer test. The big difference, of course, between this DUI arrest and the usual "implied consent" DUI arrest is that here the driver can refuse to submit to a breathalyzer test without fear of having his driving privileges statutorily summarily suspended.

Once the officer has made the request, the driver can either submit to the breathalyzer test or refuse to do so. If he refuses, evidence of his refusal is admissible at trial. Section 11—501.2(c) of the Code, providing that evidence of a refusal *shall* be admissible at trial of a DUI allegedly committed on public property, represents a legislative determination that evidence of such a refusal is relevant. In effect, the legislature has determined that a driver's refusal to submit to a breathalyzer test is relevant as circumstantial evidence of his consciousness of guilt. (*People v. Edwards* (1993), 241 Ill. App. 3d 839, 843, 609 N.E.2d 962, 966, citing *People v. Roberts* (1983), 115 Ill. App. 3d 384, 387, 450 N.E.2d 451, 453.) The evidence of a driver's refusal exposes him to an inference regarding his state of mind about the likely results of that test. (*Roberts*, 115 Ill. App. 3d at 387, 450 N.E.2d at 453.) The trier of fact could infer that he refused because he knew the breathalyzer test would confirm he was driving under the influence. (See *People v. Kane* (1991), 223 Ill. App. 3d 377, 385, 584 N.E.2d 1044, 1049.) This evidence is probative to the issue of intoxication. (*Roberts*, 115 Ill. App. 3d at 387-88, 450 N.E.2d at 453.) Thus, a driver's refusal is relevant because it implies that he believes he is intoxicated, something he is clearly in a prime position to appraise. The police officer's statutory inability to *require* the driver to submit to the breathalyzer test neither affects the relevancy of the driver's refusal nor diminishes its evidentiary value.

Underlying defendant's argument is his claim that an officer cannot lawfully ask a driver arrested for DUI on private property to submit to the breathalyzer test. Defendant does not satisfactorily explain why the law should so hold. Essentially, defendant asks this court to impose an exclusionary rule prohibiting the introduction of a driver's refusal simply because the officer lacked statutory authority to *require* him to take the breathalyzer test. We reject defendant's argument. No exclusionary rule should apply here because the officer did nothing wrong; although he had no authority to *require* defendant to take the breathalyzer test, the officer did nothing wrong by *request-*

*ing* defendant to take the test. (See *Illinois v. Krull* (1987), 480 U.S. 340, 353, 94 L. Ed. 2d 364, 377, 107 S. Ct. 1160, 1169 ("In determining whether to apply the exclusionary rule, a court should examine whether such application will advance the deterrent objective of the rule"); *United States v. Leon* (1984), 468 U.S. 897, 919-20, 82 L. Ed. 2d 677, 696-97, 104 S. Ct. 3405, 3418-19.) "[Applying an exclusionary rule here might] merely *** serve to force crime investigators to master the skills of precisely establishing land ownership." (*People v. Mashaney* (1987), 160 Ill. App. 3d 390, 394, 513 N.E.2d 615, 618.) It would be utterly unreasonable to require police officers making DUI arrests to know the exact dividing lines between private and public property in their jurisdictions. (See *Mashaney*, 160 Ill. App. 3d at 394, 513 N.E.2d at 618.) In the absence of any police misconduct, the exclusionary rule does not apply, and evidence regarding defendant's refusal to take the breathalyzer test need not be—and should not have been—suppressed.

Furthermore, defendant does not argue, either here or at the trial court, that he or the officer knew that the officer's ability to *require* the test was limited to a DUI committed on the public highways. Nor does defendant claim that he refused the test based upon his understanding of the law to that effect. Thus, this case does not present a situation in which a defendant is being "punished" for exercising his right to refuse the test after he was told he had such a right. (See *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240.) In other words, there is nothing "insolubly ambiguous" in this case about defendant's refusal.

In the present case, at the time the officer requested defendant to take the breathalyzer test, the officer had lawfully arrested defendant for DUI. A police officer can lawfully ask a driver under arrest for DUI to take a breathalyzer test *regardless* of whether that DUI was allegedly committed on private property or the public highways. The only significance of that distinction lies in whether the officer can *compel* the test by means of the threat of a statutory summary suspension if the driver refuses.

A driver's refusal to take the breathalyzer test is admissible at trial for the same predicate reason any other evidence is admissible—it is relevant. The absence of a specific statutory provision providing for the admissibility of the refusal when a driver has been arrested for DUI on private property does not render evidence of that refusal inadmissible.

### III. Conclusion

For the reasons stated, we reverse the order of the circuit court of Logan County granting defendant's motion *in limine* and remand for further proceedings consistent with this opinion.

Reversed and remanded.

COOK and LUND, JJ., concur.