THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. FRED E. SAUNDERS, Defendant-Appellee.

Fourth District    No. 4—96—0579

Opinion filed June 2, 1997.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE GREEN delivered the opinion of the court:

■ This case concerns the meaning of the phrase "or as to matters in which either has acted as agent of the other" as it appears in section 115—16 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—16 (West Supp. 1995)), which defines the husband and wife privileges against certain testimony by one spouse against another in criminal cases. Section 115—16 of the Code states, in part, as follows:

"In criminal cases, husband and wife may testify for or against each other. Neither, however, may testify as to any communication or admission made by either of them to the other or as to any conversation between them during marriage, except in cases in which either is charged with an offense against the person or property of the other, in case of spouse abandonment, when the interests of their child or children or of any child or children in either spouse's care, custody, or control are directly involved, when either is charged under Section 12—13, 12—14, 12—14.1, 12—15, or 12—16 of the Criminal Code of 1961 and the victim is a minor under 18 years of age in either spouse's care, custody, or control at the time of the offense, *or as to matters in which either has acted as agent of the other*." (Emphasis added.) 725 ILCS 5/115—16 (West Supp. 1995).

We hold that the testimony involved here was not so privileged.

On February 13, 1996, defendant, Fred E. Saunders, was charged in the circuit court of Vermilion County with two counts of theft of property in excess of $300 (720 ILCS 5/16—1(a)(1)(A) (West Supp. 1995)) as was his wife, Catherine Saunders. On June 3, 1996, defendant filed a motion seeking an *in limine* order prohibiting the State from examining Catherine at trial concerning conversations between them during the marriage. On June 28, 1996, the circuit court reluctantly issued an order prohibiting such testimony unless the State could show that Catherine had been acting as defendant's agent at the time of the conversation.

The parties again came before the court on July 23, 1996. The prosecutor indicated he was concerned that he could not show that Catherine was acting as an agent of defendant at the time of the conversations he wished to introduce into evidence. The prosecutor requested the adoption of a rule that spouses could be required to disclose conversations between them that occurred in the course of a joint criminal enterprise. The court stated that because of the decision of the third district in *People v. Krankel*, 105 Ill. App. 3d 988, 434 N.E.2d 1162 (1982), the court could not do so. Accordingly, an *in limine* order was entered prohibiting the State from offering such evidence. The State filed a certificate of impairment and a notice of appeal pursuant to Supreme Court Rule 604(a)(1). 145 Ill. 2d R. 604(a)(1). We reverse and remand with directions.

As the issue presented is entirely a question of law, we view the matter *de novo*. *People v. Garriott*, 253 Ill. App. 3d 1048, 1050, 625 N.E.2d 780, 783 (1993). Defendant's motion for an *in limine* order filed June 3, 1996, merely requested that conversations between defendant and Catherine during the course of their marriage be barred from evidence. More detail in regard to the dispute is found in the

statement of the prosecutor at the time of the first hearing on the motion *in limine*. The prosecutor stated the State would produce testimony from Catherine that on various occasions defendant asked her to take a credit card (which had apparently been stolen from her grandfather's bedroom) to a cash station, withdraw money with it, and bring the money back to the defendant.

The major thrust of the State's argument on appeal is not that Catherine was the agent of defendant, but that we should adopt a rule that would require a spouse to testify as to conversations with the other spouse when those conversations took place in the course of a joint criminal enterprise. This rule has been adopted in federal cases (*United States v. Evans*, 966 F.2d 398, 400-02 (8th Cir. 1992); *United States v. Kahn*, 471 F.2d 191, 194-95 (7th Cir. 1972)), the decisions of several state supreme courts (*State v. Witchey*, 388 N.W.2d 893 (S.D. 1986); *State v. Smith*, 384 A.2d 687 (Me. 1978)), and those of various state courts of intermediate review. The doctrine has never been adopted in Illinois and was rejected by the third district in *Krankel*.

■ We are not bound by the decisions of other districts of the appellate court of this state (*In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 398, 604 N.E.2d 929, 938 (1992)), although we respect and commend their decisions. However, we are bound by the language of section 115—16 of the Code. The only one of the four exceptions to the rule permitting testimony of conversations between spouses that is relevant here is the one concerning "matters in which either has acted as agent of the other." 725 ILCS 5/115—16 (West Supp. 1995). We agree with the circuit court that such agency must be shown to permit the conversation to be admitted.

The term "agent" has been defined as "[a] person authorized by another (principal) to act for or in place of him; one intrusted with another's business" (Black's Law Dictionary 63 (6th ed. 1990)). Under the circumstances described by the prosecutor, Catherine would seem to have been acting as defendant's agent when, at his direction, she took a stolen credit card to a cash station, obtained cash, and delivered it to defendant. In *Krankel*, the opinion indicated the wife aided her husband in stealing some silverware and taking it to a place to be sold. It differs from here in that there the wife was participating for her mutual benefit. Here, the evidence indicated the wife (Catherine) was merely acting for the benefit of the defendant by getting money and delivering it to her husband (defendant). We conclude that this case is substantially different from *Krankel*. However, even if this case is not substantially different from *Krankel*, to the extent *Krankel* shows the existence of an agency between the wife and husband, we elect not to follow *Krankel*.

The defendant maintains the State has waived any contention that Catherine was an agent of defendant. The State did not waive the question at the first hearing on the motion *in limine* just because the prosecutor expressed uncertainty as to whether Catherine was an agent. The prosecutor's position was more definite as to the difficulty of finding the existence of an agency at the second hearing, but he did not directly waive the issue and the defense was not prejudiced by the action taken by the State. In its brief as appellant, the State revived the agency question and defendant had an opportunity to respond in his brief as appellee.

For the reasons stated, we reverse the *in limine* order to the extent it would prohibit testimony by Catherine as to defendant requiring her to take the credit card, obtain money, and give the money to him. We remand to the circuit court for further proceedings consistent herewith.

Reversed and remanded with directions.

KNECHT and COOK, JJ., concur.