17 November 1999

No.  2--98--0957 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE CITY OF ROCKFORD,          ) Appeal from the Circuit Court

       ) of Winnebago County.

     Plaintiff-Appellee,       )

                               )

                             ) No. 96--DT--24816

v.                             ) 96--DT--24817

           ) 96--DT--24818

                               )

RICHARD G. ELLIOTT,      ) Honorable

                               ) Edward J. Prochaska,

Defendant-Appellant.      ) Judge, Presiding.

JUSTICE GALASSO delivered the opinion of the court:

Following a jury trial, the defendant, Richard G. Elliott,  was found guilty of driving under the influence of alcohol (625 ILCS 5/11--501(a)(2) (West 1996)) and driving the wrong way on a one-way street (625 ILCS 5/11--708(b) (West 1996)).  After denying the defendant’s motion for a new trial, the trial court sentenced the defendant to a 12-month term of conditional discharge, 14 days in the work release program, and participation in substance abuse counseling; it also imposed fines and court costs in the sum of $500.  The defendant appeals.

The sole issue raised on appeal is whether the trial court erred in permitting the State to present evidence of the civil penalties imposed upon a motorist as a result of refusing the breath test following an arrest for driving under the influence of alcohol.

Over the continuing objection of the defendant, the prosecutor was permitted to question Robert Woodford, one of the arresting officers, about the "Warning to Motorist" document.  Specifically, Officer Woodford testified as follows:

"Q. What type of information is contained in the Warning to Motorist? 

A. It explains the penalties if you do or don’t take a breath test in regard to your driving privileges.

Q. With regard to potential suspensions of driving privileges, what are the ramifications outlined in the Warning to Motorist regarding either refusing a test, a breath test, or taking a test and failing?

A. The penalties would be twice as much if you did not take a breath test as if you would take a breath test and fail it."

Later, during a conference with the trial court and the prosecutor, defense counsel argued that while the evidence of a refusal to submit to a breath test was admissible, evidence of the consequences of the refusal was not admissible.  The trial court stated as follows:

"I think it’s on that I overruled that objection based on, I do believe this has some relevance to showing that the defendant was aware what the penalty is.  Actually, the civil penalty is actually greater for refusing to take the test than it is for taking it and failing it.  There is some relevance then as to his motivation in either taking or not taking the test, and that was the argument made by Mr. Alexander [the prosecutor] which I accepted."

The trial judge offered to instruct the jury that they were not to consider the civil consequences and penalties arising out of either the refusal or nonrefusal with regard to the penalty stage.  After further discussion, the trial judge stated as follows:

"Well, there isn’t any case law on that particular issue. But it’s the Court’s belief that it has some relevance based on whether or not the defendant, what his rationale or motive was in either refusing or taking the test, and that’s why I allowed it in ***."

There is no indication in the record that defense counsel accepted the trial judge’s offer of the limiting instruction.

Section 11--501.2(c)(1) of the Illinois Vehicle Code (625 ILCS 5/11--501.2(c)(1) (West 1996)) provides in pertinent part as follows:

"If a person under arrest refuses to submit to a chemical test under the provisions of Section 11--501.1, evidence of refusal shall be admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person under the influence of alcohol *** was driving or in actual physical control of a motor vehicle."

On appeal, the defendant contends that neither the plain meaning of the above statutory provision nor the case law interpreting it permits the finding that the civil penalties of a refusal are admissible as evidence of guilt.  We agree and reverse and remand for a new trial.

Prior cases have upheld the statutory provision allowing evidence of a defendant’s refusal to submit to a breath test.  See 
People v. Garriott
, 253 Ill. App. 3d 1048 (1993) (evidence of a defendant’s refusal is not constitutionally prohibited); 
People v. Roberts
, 115 Ill. App. 3d 384 (1983) (evidence of the defendant’s refusal admissible as probative of the issue of his intoxication). However, the defendant argues that the statute does not address whether the civil penalties for refusing to take the breath test are admissible as well.

In 
People v. Naseef
, 127 Ill. App. 3d 70 (1984), the Appellate Court, Third District, held that a defendant’s initial refusal to submit to a breath test was inadmissible if the defendant ultimately agreed to take and did complete the test. 
Naseef
, 127 Ill. App. 3d at 73.  However, in 
People v. Thomas
, 200 Ill. App. 3d 268 (1990), this court declined to follow the decision in 
Naseef
 on the basis that the 
Naseef
 court had engaged in unnecessary statutory construction of a perfectly clear, unambiguous statute (section 11--501.2(c)).  
Thomas
, 200 Ill. App. 3d at 282.  This court observed that the statute states unequivocally that evidence of the refusal is admissible in a criminal proceeding and that the 
Naseef
 court inappropriately added a new provision to the statute, 
i.e.
, that a defendant has a continuing option to deny the admission of a refusal by taking the test.  
Thomas
, 200 Ill. App. 3d at 283.

We arrive at a similar conclusion here, namely, that the admission of the evidence of the civil penalties a defendant faces if he refuses the breath test is an inappropriate expansion of the statute, which provides only for the admission of evidence of a defendant’s refusal to submit to the breath test.  When the language of a statute is unambiguous, the only legitimate function of the courts is to enforce the law as enacted without resorting to supplementary principles of statutory construction.  
Thomas
, 200 Ill. App. 3d at 282-83.  Nothing in section 11--501.2(c) authorizes the admission of what amounts to a "double refusal" on the part of a defendant.  Had it intended that evidence of the civil penalties a defendant faced be admissible in addition to his refusal to submit to a breath test, the legislature could have so provided in the statute.  The State cites no evidence indicating that the legislature intended that evidence of the civil penalties would be admissible at trial.

The State argues that the trial court’s decision in this case was also based upon the rationale that knowledge of the potential consequences of a refusal to take the breath test is circumstantial evidence of consciousness of guilt that justified its admission, as it was both relevant and probative.

The test to determine the admissibility of evidence is whether it fairly tends to prove the particular offense charged; whether that which is offered as evidence will be admitted or excluded depends upon whether it tends to make the question of guilt more or less probable, 
i.e.
, whether it is "relevant."  
People v. Daniels
, 164 Ill. App. 3d 1055, 1077 (1987).  Evidence is relevant when it tends to prove a disputed fact or render the matter in issue more or less probable in light of logic, experience, and accepted assumptions of human behavior.  
Daniels
, 164 Ill. App. 3d at 1077-

78.  Although the court and the State are under a duty to avoid the introduction of evidence the prejudicial effect of which outweighs its relevance, relevant, admissible evidence need not be excluded simply because it tends to prejudice the accused; the trial court must weigh the relevance of the evidence against its prejudicial effect on the defendant.  
Daniels
, 164 Ill. App. 3d at 1078.  It is within the discretion of the trial court to decide whether evidence is relevant and admissible.  
People v. Pursley
, 284 Ill. App. 3d 597, 603 (1996).  Consequently, a trial court’s determination of whether evidence is relevant and admissible will not be reversed absent a clear abuse of discretion resulting in manifest prejudice to the defendant.  
Pursley
, 284 Ill. App. 3d at 603.

A driver’s refusal to take a breath test is relevant because it implies that he believes he is intoxicated, something that he is clearly in a prime position to appraise.  
Garriott
, 253 Ill. App. 3d at 1052.  Similarly, in this case, the trial court believed that the evidence as to the civil penalties was relevant to the defendant’s motivation for either taking or refusing the breath test.

We would agree that being advised as to the civil penalties the defendant faced if he refused to submit to the breath test is of some probative value, in light of the fact that the defendant’s refusal to take the breath test was already admitted into evidence. However, it is our opinion that the prejudice to the defendant by the admission of evidence of the civil penalties for refusal to submit to a breath test outweighs the probative value of such evidence.  While we are reluctant to overturn a trial court’s ruling on the admission of evidence, it is clear from the trial court’s remarks in this case that it admitted the evidence based upon relevancy but failed to weigh the relevance of this evidence against its prejudicial effect on the defendant. Therefore, we conclude that the trial court abused its discretion in admitting the evidence of the civil penalties the defendant faced for refusing to submit to the breath test and that such an abuse of discretion resulted in manifest prejudice to the defendant.

Finally, the State argues that, assuming the trial court abused its discretion in admitting the evidence of the civil penalties, this court should still affirm the defendant’s conviction in light of the fact that the testimony of Officers Markin and Woodford was sufficient to prove the defendant guilty of driving under the influence of alcohol beyond a reasonable doubt. The State correctly notes that a determination of whether a person is under the influence of alcohol does not rest solely on the results of chemical analysis.  
People v. Bodoh
, 200 Ill. App. 3d 415, 427 (1990).  However, the issue here is not whether the defendant could have been convicted without the evidence of the breath test, but whether his conviction resulted from the admission of improper evidence.

Error is harmless where a reviewing court can safely conclude that a trial, without the error, would produce no different result. 
People v. Traina
, 230 Ill. App. 3d 149, 154 (1992).  We note that, in ruling on the defendant’s motion for a new trial, the trial court here commented that, in the court’s opinion, the case could have gone either way.  As we cannot say with certainty that the jury’s verdict would have been the same in the absence of the improperly admitted evidence, we must reverse and remand for a new trial.

Because we are reversing the defendant’s conviction and remanding for a new trial, we have reviewed the record and conclude that there was sufficient evidence from which a jury could conclude that the defendant committed the offense charged beyond a reasonable doubt.  This finding is not binding upon the trial court and is intended only to protect the defendant from the risk of double jeopardy.  See 
People v. Taylor
, 76 Ill. 2d 289, 309 (1979).

The defendant’s conviction and sentence are reversed, and the cause is remanded for a new trial.

Reversed and remanded.

INGLIS and McLAREN, JJ., concur.